STATE OF LOUISIANA

VERSUS

ORLANDO WASHINGTON

NO. 24-K-351

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

August 15, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** ORLANDO WASHINGTON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 22-2656

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator/Defendant, Orlando Washington, seeks supervisory review of the trial court's ruling which granted the State's "404(B)"[1] motion. Relator also seeks a stay of trial, currently set for August 19, 2024.

On June 16, 2022, a Jefferson Parish Grand Jury returned a true bill of indictment charging Relator with second-degree murder of Ahmad Howard in violation of La. R.S. 14:30.1, that occurred on or about February 21, 2022.[2] The State seeks to introduce at trial three YouTube videos, and a photograph depicting the defendant and another individual charged for the murder of Howard. After hearing on July 11, 2024, the trial court ruled the evidence would be admissible at trial. Relator advised of his intention to seek writs and requested a stay.[3] The trial court denied the motion to stay on July 22, 2024. This timely writ application followed.

---

[1] La. C. E. art. 404 provides in pertinent part:

B. Other crimes, wrongs, or acts; creative or artistic expression. (1)(a) Except as provided in Article 412 or as otherwise provided by law, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

[2] Daveon Gilmore and Davon Gilmore were also charged with the second-degree murder of Mr. Howard in the same indictment.

[3] Counsel for all three defendants objected to the ruling and orally noticed the State and the trial court of their intent to seek writs and requested a stay of the proceedings.

1

In his writ application, relator argues the trial court's granting of State's motion was an abuse of its discretion. The State filed notice of its intent to introduce the You Tube videos and photograph as *res gestae* and/or La. C.E. ar. 404(B) evidence to prove that defendant and his co-defendants are members of or associated with a gang known as the "Betty Street Youngins" (BSY) a/k/a "Drizzy Block." Attached to the State's notice were three exhibits: two reports authored by the Jefferson Parish Sheriff's Office (JPSO) and a USB port containing three YouTube videos and a still photo of defendant and Daveon Gilmore. Relator avers the State intends to argue that the murder of Mr. Howard was in retaliation for the murder of Jamarian Price, a BSY member, who was killed nine days earlier.

The July 11, 2024 minute entry shows that State's Exhibit 1(the JPSO investigative report B-08071-22), State's Exhibit 2 (the JPSO investigative report B-14156-22), and State's Exhibit 3 (the USB jump drive) were admitted into evidence for record purposes only. However, relator failed to attach these exhibits to his writ application and did not attach a copy of the transcript of the hearing either. Without appropriate attachments, we are unable to view the exhibits, the transcript, and the reasons, if any, for the trial court's ruling.

We also find that relator failed to include a copy of the State's 404(B) pleading, which is required under Rule 4-5(C)(8) of the Uniform Rules of Louisiana Courts of Appeal, which states, in relevant part, that the writ application "shall" contain "a copy of each pleading on which the judgment, order, or ruling was founded[.]"

In *State v. Montoya*, 18-K-144 (La. App. 5 Cir. 3/29/18) (unpublished writ disposition), the relator sought review of the trial court's ruling granting the State's notice of intent to use other crimes evidence. We denied relator's writ application on the showing made, finding relator failed to provide this Court with a copy of the hearing transcript. Though the relator had provided a copy of the minute entry showing the trial court's ruling, this Court could not adequately decide the merits of relator's arguments without a transcript.

Upon review, we find relator's writ application is deficient. Relator's failure to provide the objectionable evidence on which his writ application is based does not comply with the Uniform Rules of Louisiana Courts of Appeal and prevents us from complete consideration of this writ application. Accordingly, the writ application is denied on the showing made and the request for stay is denied.

Gretna, Louisiana, this 15th day of August, 2024.

**TSM**
**MEJ**
**SUS**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/15/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-351**

### E-NOTIFIED

24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)
Powell W. Miller (Relator)

### MAILED